**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**FILED**
**10-25-22**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| JEREMIAH JAMES KIRKPATRICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Civil Action No.  1:22-cv-02611 (UNA) |
| | ) |
| JOE BIDEN, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of the *pro se* petition, ECF No. 1, and petitioner's application for leave to proceed *in forma pauperis*, ECF No. 2.  The court will grant the *in forma pauperis* application and dismiss the case without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), mandating dismissal for failure to state a claim upon which relief can be granted, and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

Petitioner is a state prisoner who is presently in the custody of Taylor Correctional Institution, located in Perry, Florida.  The petition is titled as seeking habeas corpus relief pursuant to 28 U.S.C. § 2241, but at root, petitioner seeks to renounce his status as a United States citizen and maintains that he should be released from custody as a result of such renunciation.   Petitioner faces hurdles that he cannot overcome.

First, there is no indication that petitioner has submitted the required associated fees and mandatory paperwork, or if he followed the specific administrative procedures necessary to obtain the relief that he seeks, *see* 8 U.S.C. §§ 1481(a)(5)–(6), 1501; INA § 349(a)(5); *see also Sluss v. U.S. Citizen. & Immig. Srvs*., 899 F. Supp. 2d 37, 40–1 (D.D.C. 2012).  Moreover, petitioner has sued the President of the United States, and it is unclear what duty the President has, if any, to acknowledge or otherwise respond to petitioner's attempt at renunciation.

Second, courts have uniformly held that an incarcerated U.S. citizen has no constitutional right to renounce his U.S. citizenship during the course of his incarceration. *See, e.g., Sluss*, 899 F. Supp. 2d at 41–42 ("As long as plaintiff is incarcerated in the United States, he cannot lose his nationality and, thus, does not qualify for a [Certificate of Loss of Nationality]."); *Kwok Sze v. Johnson*, 172 F. Supp. 3d 112, 121–2 (D.D.C. 2016), *aff'd*, No. 16–5090, 2017 WL 2332592 (D.C. Cir. Feb. 21, 2017) (same); *Koos v. Holm*, 204 F. Supp. 2d 1099, 1108 (W.D. Tenn. 2002) (same); *Scott v. United States*, No. 1:13–CV–2030 LJO–BAM, 2014 WL 2807652, at *3 (E.D. Cal. June 20, 2014) (same); *Frazier v. U.S. Citizenship & Immigration Servs.*, No. 12–CV–14533, 2012 WL 5392317, at *1 (E.D. Mich. Nov. 5, 2012) (same); *Taylor v. U.S. Dep't of State*, No. 1:10–CV–01892 LJO, 2010 WL 4225535, at *3 (E.D. Cal. Oct. 20, 2010) (same); *Duncan v. U.S. Dep't of State*, No. 7:08–CV–00564, 2008 WL 4821323, at *2 (W.D. Va. Oct. 30, 2008) (same).

Here, petitioner is incarcerated, consequently, he may not exercise his right to abandon his citizenship, because lawful incarceration imposes the necessary withdrawal or limitation of many privileges and rights, including that of citizenship renunciation. *See Kwok Sze*, 172 F. Supp. 3d at 121–22 (citations omitted). For this reason, petitioner has failed to establish any protected liberty interest, and any due process claims must fail. *See id.*; *see also City of Oklahoma City v. Tuttle*, 471 U.S. 808, 829 (1985); *Bagguley v. Bush*, 953 F.2d 660, 662 (D.C. Cir. 1991).

Furthermore, insofar as petitioner seeks mandamus relief, he may not do so because "[i]n considering requests for mandamus action by incarcerated renunciants pursuant to Subsection (a)(6), courts in this jurisdiction have repeatedly held that the issuance of a Certificate of Loss of Nationality is a discretionary act beyond the jurisdiction of the Mandamus Act." *Kwok Sze*, 172 F. Supp. 3d at 118–19 (collecting cases). And to the extent that petitioner attempts to bring this matter pursuant to the Administrative Procedure Act, he is equally unsuccessful. Courts have

consistently held that a prisoner cannot compel a renunciation action under the APA because an applicant must appear for in-person interview, and the requirement for an in-person renunciation interview is neither arbitrary nor capricious.  *See id.* at 120 (citing cases).  "Citizenship is such a prized asset that USCIS is reasonable to insist on an interview in order to ascertain the bona fides, mental competence, and true voluntariness of those who are seeking to renounce." *Turner v. Beers*, 5 F. Supp. 3d 115, 120 (D.D.C. 2013).  It is within the discretion committed by law to USCIS that the agency require a renunciant to make his renunciation of nationality in-person at a designated USCIS office.  *Kwok Sze*, 172 F. Supp. 3d at 120 (citing *Kaufman v. Mukasey*, 524 F.3d 1334, 1338 (D.C. Cir. 2008)).  As such, petitioner has failed to state a claim upon which relief may be granted.

Finally, to whatever extent petitioner seeks relief pursuant to Section 2241, he must sue his "immediate custodian." *See Rumsfield v. Padilla*, 542 U.S. 426, 434–35 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("[T]he appropriate defendant in a habeas action is the custodian of the prisoner.") (citing *Chatman-Bey v. Thornburg*, 864 F. 2d 804, 810 (D.C. Cir. 1988) (en banc)).  And "a district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004); *see Day v. Trump*, 860 F.3d 686, 691 (D.C. Cir. 2017) (affirming dismissal for want of jurisdiction where the District of Columbia was not "the district of residence of [petitioner's] immediate custodian for purposes of § 2241 habeas relief").  Petitioner must file for such relief in the District of Florida.  Additionally, petitioner cannot, and has presented no authority to establish, that he may simply renounce his citizenship in order to obtain a writ of habeas corpus, or otherwise secure his release from incarceration.

For all of these reasons, this matter is dismissed without prejudice.  An order consistent

with this memorandum opinion is issued separately.

Date: October 25, 2022                                _____ s/s_____

                                                      COLLEEN KOLLAR-KOTELLY
                                                      United States District Judge